UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILLIAM D. WICK,<br><br>        Plaintiff,<br><br>v.<br><br>JON K. WACTOR,<br><br>        Defendant. | Case No. 25-cv-05283-JSC<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED** |

Jon Wactor removed this state law action to federal court on the basis of diversity jurisdiction. There are many issues with the Notice of Removal.

First, the removal statute prohibits a case from being removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1). The removed action was commenced in Superior Court in 2023, so removal appears untimely.

Second, Mr. Wactor contends diversity jurisdiction was established in February 2025 when he moved to New Mexico. But the citizenship of the parties is determined at the time the complaint is filed. *Smith v. Sperling*, 354 U.S. 91, 93, n.1 (1957). The Superior Court action was filed in 2023 when Mr. Wactor was a citizen of California, as is Mr. Wick.

Third, under the federal removal statute, only a defendant can remove an action to federal court. 28 U.S.C. § 1446(a). *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104–05 (1941). Mr. Wactor was the petitioner seeking to confirm an arbitration award in the removed state court complaint. He offers no authority to support his assertion that Mr. Wick's motion made him a de facto defendant that permits him to belatedly remove this action to federal court. And the Court is not aware of any. Indeed, not even a plaintiff against whom federal counterclaims are expressly made can remove an action to federal court. *Louisville & Nashville R.R. Co., v. Motley*, 211 U.S.

1   149, 152-53 (1908).

2       Finally, even if a plaintiff could be realigned as a defendant for purposes of removal, Mr. Wactor has not shown realignment is proper.  He cites only an out-of-circuit case with zero relevance to the circumstances alleged here.  (Dkt. No. 1 at 5.)  Under Ninth Circuit law, the Court realigns for jurisdictional purposes "those parties whose interests coincide respecting the primary matter in dispute."  *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (quotation marks omitted).  There is no other party whose interest coincides with Mr. Wactor; he merely wishes to switch sides so he can move the case to federal court at this late stage.  No law of which the Court is aware supports subject matter jurisdiction in that situation.

## CONCLUSION

It appears this case was improperly removed to federal court.  However, if Mr. Wactor believes removal was proper, then consistent with Federal Rule of Civil Procedure 11, he shall show cause by July 22, 2025 how this Court has removal jurisdiction.  If removal jurisdiction cannot be established, then Mr. Wactor shall withdraw the Notice of Removal by the same date.

**IT IS SO ORDERED.**

Dated: July 14, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

2